ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT - 3 2005

CLERK, U.S. DISTRICT COURT
By _____
                Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:05-CR-203-G |
| | § | |
| BURG MWANSA (3) | § | |

## PLEA AGREEMENT

Burg Mwansa, Assistant Federal Public Defender Carlton McLarty, the defendant's

attorney, and the United States of America (the government), agree as follows:

1.  **Rights of the defendant**:  Mwansa understands that he has the rights

     a.    to plead not guilty;

     b.    to have a trial by jury;

     c.    to have his guilt proven beyond a reasonable doubt;

     d.    to confront and cross-examine witnesses and to call witnesses in his
            defense; and

     e.    against compelled self-incrimination.

2.  **Waiver of rights and plea of guilty**:  Mwansa waives these rights and

pleads guilty to the offense alleged in Count 1 of the indictment, charging a violation of

18 U.S.C. §1349, that is, conspiracy to commit bank fraud.  Mwansa understands the

nature and elements of the crime to which he is pleading guilty, and agrees that the factual

résumé he has signed is true and will be submitted as evidence.

3.  **Sentence**:  The maximum penalties the Court can impose include:

     a.    imprisonment for a period not to exceed 30 years;

**Plea Agreement - Page 1**

b.   a fine not to exceed $1,000.000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

c.   a term of supervised release of not more than 5 years, which may be mandatory under the law and will follow any term of imprisonment. If Mwansa violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d.   a mandatory special assessment of $100.00;

e.   restitution to victims or to the community, which may be mandatory under the law, and which Mwansa agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

f.   costs of incarceration and supervision.

4.   **Court's sentencing discretion and role of the Guidelines**:   Mwansa understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only.   Mwansa has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Mwansa will not be allowed to withdraw his plea if his sentence is higher than expected. Mwansa fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.   **Mandatory special assessment**: Mwansa agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6.      **Defendant's cooperation**:   Mwansa shall cooperate with the government by giving truthful and complete information and/or testimony concerning his participation in the offense of conviction and knowledge of criminal activities.  Upon demand, Mwansa shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.  The government will advise the Court of the extent of Mwansa's cooperation.

7.      **Government's agreement**:   The government will not bring any additional charges against Mwansa based upon the conduct underlying and related to Mwansa's plea of guilty.  The government will dismiss, after sentencing, any remaining charges in the pending indictment herein and the indictment in #3:05-CR-201-P(03).  If, in its sole discretion, the government determines that Mwansa has provided substantial assistance in the investigation or prosecution of others, it will file a motion urging sentencing consideration for that assistance. Whether and to what extent to grant the motion are matters solely within the Court's discretion.  This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Mwansa or any property.

8.      **Violation of agreement**:   Mwansa understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Mwansa for all offenses of which it has knowledge.  In such event, Mwansa waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a

finding that it was involuntary, Mwansa also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9.  **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10.  **Waiver of right to appeal or otherwise challenge sentence**:  Mwansa waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence.  He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  Mwansa, however, reserves the rights (a) to bring a direct appeal of (I) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11.  **Representation of counsel**: Mwansa has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.  Mwansa has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Mwansa has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

**Plea Agreement - Page 4**

12.  **Entirety of agreement**:  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 30 day of September, 2005.

RICHARD B. ROPER
UNITED STATES ATTORNEY

_____
BURG MWANSA
Defendant

_____
JOSEPH M. REVESZ
Assistant United States Attorney
Texas State Bar No. 16792700
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214.659.8664
Facsimile:   214.659.8803

_____
CARLTON MCLARTY
Assistant Federal Public Defender
Texas State Bar No.13740400

_____
MARK D. McBRIDE
Deputy Criminal Chief
Texas State Bar No. 13332200

[I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

_____
BURG MWANSA

_____9-30-05_____
Date

I am the defendant's counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____
CARLTON MCLARTY
Assistant Federal Public Defender

_____9-30-05_____
Date

**Plea Agreement - Page 5**